(No. 781—Claimant awarded $500.00.)

CATHERINE MAGILL, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 1, 1925.*

RESPONDEAT SUPERIOR—*State not liable for torts of inmates of its institutions.* The doctrine of *Respondeat Superior* is not applicable to the State, and it is not liable for the torts of an inmate of its institution.

SOCIAL JUSTICE AND EQUITY—*award may be made.* While the State is not liable for the tort of an inmate of its institution, an award may be made to claimant on the ground of social justice and equity.

JOHN J. REEVE, for claimant.

OSCAR E. CARLSTROM, Attorney General; GEORGE C. DIXON, Assistant Attorney General, for respondent.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Catherine Magill, claimant, filed her declaration in this court for claim for personal injury committed by one of the insane inmates of the Jacksonville State Hospital on the 3rd day of August, 1922.

It appears from the contradicted evidence in this case the claimant, who was about 83 or 84 years of age, resided near the state institution; that a number of the inmates of said institution were working in a field nearby where she lived. One of these inmates slipped away from the guards, went over to the residence where the old lady was alone, attacked her, inflicting considerable injury about her eyes, face, throat and other parts of her body. The claimant made outcry and the insane man was soon captured and taken back.

The maltreatment she received at that time, of course, prostrated her, and she was taken in an ambulance to the Jacksonville State Hospital, where she received treatment for more than four weeks.

The doctor's bill and all expenses were fully paid by the State, and she was kept in the hospital nearly two weeks longer, making in all six weeks when she was discharged as about recovered.

The bruised places and scars had about cleared up, but it was complained by her that her throat had never entirely gotten well. The evidence discloses further that she was always nervous, unable to do the house work as she had always done before that time for her son and his family, with whom she was living at the time.

After this she visited about amongst her sons and their families and apparently was in fair health, except that she was nervous.

About two years after the attack she died, but the cause of her death was not shown by the evidence to be a result of the injury so received.

The presumption is that she died of extreme old age. One of her sons testified that she was not able to work after the attack as she did before, but still he had never employed any help for the house, because his mother would not stand for his getting other assistance.

After her death, letters of administration were issued on her estate to Owen Magill, who, as such administrator, asked the court for leave to substitute himself as claimant and continue the prosecution of this suit. Leave was given to so prosecute.

It seems from the evidence in this case that the old lady suffered to some extent during the two years, the remainder of her life, after such attack, but a woman of her age, we believe from our experience and observance, would not be capable of rendering much manual labor for any family or for herself.

Old people at that age ought to be taken care of by their family and not have to take care of the family themselves. If she were living today, it would be the opinion of the court that she ought to be entitled to about $1500.00 for the injury received, which would only compensate her for the indignities received at the time aside from the bruises and wounds inflicted by the maniac.

The present claimant is not prosecuting the suit to recover for loss of service to the next of kin of the deceased, as that would require a new suit to do so, and even if they were, we would not be inclined to award them anything for the loss of service from the death of their mother.

We have decided to allow the claimant the sum of $500.00, and hereby accordingly award to him the said sum.